**UNITED STATES ex rel. MAYER v. LOISEL, U. S. Marshal.**

Circuit Court of Appeals, Fifth Circuit.
March 24, 1928.

Rehearing Denied April 19, 1928.

No. 5244.

Criminal law ☞1003, 1216(6)—Sentence of imprisonment not invalidated by delay in execution, nor is delay counted on term.

Sentence of imprisonment, imposed on a defendant at large under bond, does not become invalid because of delay in carrying it into execution, nor does the time which elapses count on the prison term.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Habeas Corpus. Petition on relation of Mary Mayer against Victor Loisel, United States Marshal, for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

Edwin H. Grace, of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On June 16, 1925, the appellant, Mary Mayer, pleaded guilty to a charge of violating the National Prohibition Act (27 USCA), and was sentenced to pay a fine of $500 and to be confined in the House of Detention at New Orleans, La., for the period of six months. She sued out a writ of error to this court and obtained a supersedeas of that judgment. That writ of error was dismissed. On March 1, 1926, the court below ordered that the mandate of this court be made the judgment of the court below, "and that said decree become effective of this date, and that execution issue forthwith." Appellant's petition for the writ of habeas corpus, filed December 13, 1927, alleged that on the 8th day of December, 1927, she was arrested and incarcerated in said House of Detention; that since her conviction

and release on bond, and until her said arrest, she resided at a named place in the parish of Orleans, La., and made no effort to conceal herself, and that said $500 fine has been paid into court. The petition challenged the validity of the detention of the appellant on the ground that the period for which she was sentenced to imprisonment had expired long before she was imprisoned under that sentence, and that such sentence could not lawfully be executed at the time the petition was filed.

The judgment of the District Court, entered pursuant to the mandate of this court, did not purport to fix the date of the beginning of the term of imprisonment to which appellant was sentenced, or to make such term of imprisonment one of six months from the date of such judgment. Mere lapse of time without the appellant undergoing the imprisonment to which she was sentenced did not constitute service of the sentence, which remained subject to be enforced, though process for its enforcement was not issued forthwith and was not executed until after the lapse of six months from the date of imposing the sentence. The sentence remained subject to be executed, notwithstanding the delay in executing it. Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; Bernstein v. United States (C. C. A.) 254 F. 967, 3 A. L. R. 1569. The detention of appellant was not invalid on the ground on which it was challenged.

The order is affirmed.