United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2004**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 17, 2004

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-10454

MICHAEL BRETT LEGGETT,

Petitioner/Appellant,

VERSUS

L.E. FLEMING, Warden, Federal Medical Center-Fort Worth

Respondent/Appellee

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth

Before BENAVIDES, STEWART, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Michael Brett Leggett appeals the district court's decision denying habeas relief under 28 U.S.C. § 2241. He contends that his sentence for being a felon in possession of a firearm should be reduced because he is entitled to a credit against his sentence for (1) time spent at liberty and (2) time spent in state prison prior to the commencement of his federal sentence. We affirm.

**I.**

On September 17, 1997, Leggett was indicted in the United States District Court for the Western District of Texas for being

-1-

a felon in possession of a firearm.  When indicted, Leggett was in a Midland County, Texas jail for a probation violation.  On January 8, 1998, he was transferred to the custody of the United States Marshals pursuant to a writ of habeas corpus ad prosequendum in order to stand trial for the federal charge.  Leggett pleaded guilty and was sentenced to 70 months imprisonment.

After sentencing, on March 12, 1998, Leggett was returned to Midland County jail.  When transferring custody, the Marshals Service lodged a detainer with the Midland County Sheriff's Department.  The detainer stated that Leggett was a sentenced federal prisoner who should not be released when his state sentence ended and asked for notification when Leggett's sentence was at an end.  The Midland County Sheriff's office acknowledged receipt of the detainer.

On March 20, 1998, the State of Texas revoked Leggett's probation, and he was transferred to the Texas Department of Criminal Justice ("TDJC") on April 2, 1998.  Although the detainer was supposed to travel with him to the new facility, it apparently did not.  On July 10, 1998, Leggett was released from state prison, but the Marshals Service was not notified of his release.  Upon release, Leggett did not contact the Marshals Service or any other federal authority to inquire about the status of his sentence.

Leggett was free from July 1998 until March 1999, when he was arrested again on a fugitive warrant for violating his Texas parole.  He was released in June 2000, but the TDJC again failed to

notify the Marshals Service of Leggett's release. Leggett then remained free until September 11, 2001, when the Marshal's Service arrested him so that his federal sentence could be enforced.

After beginning his federal sentence, Leggett asked the Bureau of Prisons ("BOP") through its administrative process for credit on his sentence for the period from July 10, 1998, the time he was initially released from state prison, until September 11, 2001, the time he began his sentence in federal prison. The BOP denied relief. On February 27, 2003, Leggett filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas arguing that the BOP's execution of his sentence unconstitutionally violated his due process rights. The court denied his habeas petition, and Leggett timely appealed.

## II.

Leggett contends that the district court erred in not finding that he is entitled to credit against his federal sentence for: (1) the time spent at liberty after being erroneously released by state authorities and (2) the time spent in state custody after being sentenced in federal court. When considering the denial of habeas relief, we review a district court's findings of fact for clear error and issues of law *de novo*.[1]

Leggett argues that his due process rights were violated because he was not granted a credit against his sentence for the

---

[1] *See Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998).

time spent erroneously at liberty due to the failure of state officials to notify the Marshal of his release from state custody. Therefore, he asks that we grant habeas relief and adjust his sentence to give him credit for the time from July 10, 1998, when he was released from state custody, until September 11, 2001, when he commenced serving his federal sentence.

We have previously held that in some circumstances a prisoner may receive credit against his sentence if the error of government officials prevented the prisoner from serving his sentence.[2] But we have also held that a delay in the commencement of a sentence by itself does not constitute service of that sentence.[3] Therefore, based on prior precedent, Leggett is not entitled to a credit against his sentence for the time served prior to the commencement

---

[2] *See Thompson v. Cockrell*, 263 F.3d 423, 427 (5th Cir. 2001)(holding that a Texas state prisoner had a liberty interest in the calendar time following his erroneous release).

[3] *See Scott v. U.S.*, 434 F.2d 11, 23 (5th Cir. 1970)("This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced ... does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it."); *U.S. ex rel. Mayer v. Loisel*, 25 F.2d 300, 300 (5th Cir. 1928)("Mere lapse of time without the appellant undergoing the imprisonment to which she was sentenced does not constitute service of the sentence....").
It is true that in certain situations the government may waive jurisdiction of its right to execute a sentence if it significantly delays the enforcement of that sentence. *See, e.g., Shields v. Beto*, 370 F.2d 1003, 1005-06 (5th Cir. 1967)(holding that the state had waived jurisdiction of its right to execute its sentence where it had waited 28 years to enforce that right). But Leggett has not argued that the BOP waived its right to enforce his federal sentence. Thus, we need not consider that argument here.

-4-

of his sentence.[4]

Leggett contends that the Ninth Circuit's decision in *Clark v. Floyd*[5] compels us to grant him credit for the time he spent erroneously at liberty prior to the commencement of his sentence. In *Clark*, the petitioner, while on probation for federal drug offenses, was convicted in Montana on methamphetamine charges and began serving a 40-year sentence in state prison.[6]  The federal district court revoked Clark's probation and sentenced him to three consecutive five-year terms to be served after his state sentence.[7] The Marshals Service filed a detainer directing the state officials to notify them when Clark was released, but state officials did not notify the Marshals Service when Clark was released after five years in state custody.[8]  Clark was eventually taken into federal

---

[4]  Some circuits have adjusted the commencement date of a prisoner's sentence when there is evidence that Marshals Service has violated a judge's Order of Commitment. *U.S. v. Croft*, 450 1094, 1099 (6th Cir. 1971); *Smith v. Swope*, 91 F.2d 260, 262 (9th Cir. 1937).  This court has not yet decided this question, although a panel of this court has previously stated that if a Marshal flagrantly disobeyed a commitment order, this court might find that the sentence began before the prisoner actually commenced his sentence.  *Causey v. Civiletti*, 621 F.2d 691, 694-95 (5th Cir. 1980).  Regardless, because there is no evidence in this record that the Marshals Service has disobeyed any commitment order, Leggett is not entitled to relief on this basis.

[5]  80 F.3d 371 (9th Cir. 1996).

[6]  *Id.* at 372.

[7]  *Id.* at 372-73.

[8]  *Id.* at 373.

custody three years later to begin serving his federal sentence.[9]

Clark filed a habeas petition seeking credit for the three years he was erroneously at liberty.[10] The Ninth Circuit, reversing the district court, granted relief.[11] The court held that Clark was entitled to a credit against his sentence for time spent erroneously at liberty even though he had not yet begun his federal sentence because he was released through the inadvertence of agents and through no fault of his own.[12] Judge Fernandez dissented, arguing that Clark should not be able to take advantage of the errors of state officials because he did not attempt to notify federal officials of his release and there was no evidence that any federal official was at fault.[13]

Although the *Clark* decision is factually similar to the case at hand, it conflicts with our circuit precedent. The *Clark* court's ruling is based on the Ninth Circuit's prior decision in *Smith v. Swope*, in which that court granted time credit to a prisoner because he was "entitled to serve his time promptly."[14] As stated above, this court has expressly held that a prisoner is

---

[9] *Id.*

[10] *Id.* at 372.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 374-75.

[14] 91 F.2d 260, 262 (9th Cir. 1937).

not entitled to a credit when there is merely a delay in the execution of one's sentence.[15]  Therefore, circuit precedent forecloses us from relying on *Clark* to grant a petitioner credit for time spent at liberty before commencement of a sentence.

Moreover, even if our circuit precedent allowed use to use *Clark,* we would still decline to do so.  As the dissent in *Clark* notes, the errors of state officials should not impact a prisoner's service of his federal sentence.  Here, the Marshals Service did not act erroneously in awaiting notice from the Texas prison system after filing a retainer asking the state authorities to notify them upon Leggett's release.  Where there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence.  Therefore, we conclude that Leggett is not entitled to a credit against his federal sentence for the time prior to the commencement of his sentence on September 11, 2001.

Leggett also claims that he is entitled to credit against his sentence for the time spent in state custody.  But Leggett did not ask the district court for relief on this ground.  Rather, he only asked for credit for the time that he was erroneously at liberty. Because Leggett has raised this issue for the first time on appeal,

---

[15]  *Mayer*, 25 F.2d at 301; *Scott*, 434 F.2d at 22-23.

we decline to consider it.[16]

**III.**

Because Leggett has not shown that he is entitled to a credit against his sentence, we AFFIRM the district court's decision to deny habeas relief.

---

[16] *U.S. v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)("If the defendant in habeas proceedings did not raise his claims before the district court, we do not consider them on appeal."(citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1083 (5th Cir. 1985)).