[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2005
THOMAS K. KAHN
CLERK

No. 03-13134

D. C. Docket No. 02-00218 CV-OC-10-GRJ

STEVEN BYRON LITTLE,

Petitioner-Appellant,

versus

CARLYLE HOLDER, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2005)**

Before BLACK, RONEY and ALARCÓN[*], Circuit Judges.

BLACK, Circuit Judge:

_____

[*] Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Appellant Steven Little appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Little argues he is entitled to credit against his federal sentence for the time he spent erroneously at liberty between October 1995 and August 1999. We affirm the district court's denial of Little's habeas petition.

## I. BACKGROUND

In 1993, Little was serving a Florida state sentence. While he was serving this state sentence, Little was temporarily released to federal custody to face charges for using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On November 3, 1993, Little pleaded guilty to the federal charges and was sentenced to five years of imprisonment followed by three years of supervised release. Although the federal judgment and commitment order did not specify whether Little's federal sentence was to run consecutively or concurrently with his Florida state sentence, Little has conceded it was to run consecutively.

After his sentencing on the federal charges, Little was returned to the custody of the Florida Department of Corrections to serve the remainder of his state sentence. Little received credit against his state sentence for the time he was temporarily in federal custody. On October 27, 1995, Little's state sentence

expired, and he was released from state custody. Because the United States Marshals Service (Marshals Service) never lodged a detainer with the state, federal authorities were not notified when Little was released by the Florida Department of Corrections.[1] Little remained at liberty until August 6, 1999, when he was arrested on new state charges—a period of nearly four years. Little was convicted on those charges and remained incarcerated in state prison until April 11, 2001.

During Little's second state sentence, the Marshals Service lodged a detainer with the state concerning his outstanding federal sentence. Accordingly, when the second state sentence expired in April 2001, Little was taken into federal custody to begin service of his 1993 federal sentence. Little's federal sentence was computed as beginning on April 11, 2001.

On July 29, 2002, after exhausting his administrative remedies, Little filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Little argues because his erroneous release was due to negligence by the Marshals Service, the Bureau of Prisons should have awarded him credit against his federal sentence for the time he spent at liberty following his release from state custody in October

---

[1] While serving his state term of imprisonment, Little asked the state authorities several times whether the Marshals Service had lodged a detainer for his federal sentence. The state authorities consistently informed Little that no detainer had been filed.

1995.  Little claims that, if properly credited, his federal sentence is satisfied and he is entitled to immediate release.

The district court denied Little's habeas petition, finding he was not entitled to credit for time at liberty.  This appeal followed.

## II.  STANDARD OF REVIEW

In reviewing the district court's denial of a habeas corpus petition, we review questions of law de novo and the court's findings of fact for clear error. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

## III.  DISCUSSION

In this case, we are asked to decide whether Little should be granted credit against his federal sentence for the nearly four years he spent at liberty after his release from state custody in October 1995.  We  recently held that based on our prior precedent, a convicted person "who has yet to serve any part of her sentence, is not entitled to credit for time spent erroneously at liberty when there is merely a delay in executing her sentence." *United States v. Barfield*, 11th Cir., 2004, __ F.3d __ (No. 03-14077).  The *Barfield* decision was based on our holdings in *Scott v. United States*, 434 F.2d 11 (5th Cir. 1970), and *United States ex rel. Mayer v.*

4

*Loisel*, 25 F.2d 300 (5th Cir. 1928).[2]  In those cases, we explained a delay in the commencement of a sentence cannot, by itself, constitute service of that sentence. *See Scott*, 434 F.2d at 23 ("This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced . . . does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it."); *Mayer*, 25 F.2d at 301 ("Mere lapse of time without the appellant undergoing the imprisonment to which she was sentenced did not constitute service of the sentence, which remained subject to be enforced . . . .").[3]

We recognize some courts grant credit for time at liberty to prisoners who have been forced to serve their sentences in installments through a series of releases and reincarcerations.  *See, e.g.*, *United States v. Melody*, 863 F.2d 499, 504 (7th Cir. 1988) (discussing the "common law rule that a defendant ordinarily cannot be required to serve his sentence in installments—that is, a prisoner normally should serve his sentence continuously once he is imprisoned"); *United*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[3] Moreover, the Fifth Circuit has, in a recent decision, similarly relied on *Scott* and *Mayer* in holding prisoners cannot receive credit for time at liberty when the commencements of their sentences have only been delayed.  *Leggett v. Fleming*, 380 F.3d 232, 234–36 (5th Cir. 2004).

*States v. Martinez*, 837 F.2d 861, 865 (9th Cir. 1988) ("Traditionally, the doctrine of credit for time at liberty has only been applied where a convicted person has served some part of his sentence and then been erroneously released.") (citations omitted); *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930) ("[A prisoner] cannot be required to serve [his] sentence in installments."). Little, however, has not been forced to serve his federal sentence in installments. Rather, the commencement of his federal sentence was merely delayed. Little has served his federal sentence continuously and without any interruptions since it began on April 11, 2001.[4] Thus, we do not decide the issue of whether a defendant who has been subjected to installment service is entitled to credit for time at liberty.

Because the federal sentence in this case has merely been delayed, it falls squarely within our holding in *Barfield*. Under *Barfield*, Little is not entitled to credit for the time he spent erroneously at liberty because a delay in the commencement of a sentence does not, by itself, constitute service of that sentence. *United States v. Barfield*, 11th Cir., 2004, __ F.3d __ (No. 03-14077).

---

[4] Although Little was temporarily in federal custody in 1993 and early 1994, his federal sentence did not begin at that time. As explained above, Little was only in federal custody at that time to face the federal firearm charges. After sentencing, he was returned to state custody for completion of his first state sentence. Little received full credit against his state sentence for the time during which he was temporarily in federal custody. Moreover, Little has conceded his federal sentence was to run consecutively to his first state sentence. The record, therefore, demonstrates Little's federal sentence was properly computed as commencing on April 11, 2001.

## IV. CONCLUSION

We hold Little is not entitled to credit the nearly four years he spent at liberty against his federal sentence. Without such credit, Little is not entitled to immediate release and must fulfill the remainder of his federal sentence for use of a firearm during a drug trafficking crime. Accordingly, we affirm the district court's denial of Little's habeas petition.

AFFIRMED.