United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10703
Conference Calendar

_____

THOMAS M. DUBOSE,

                                        Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Medical Center Forth Worth,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-17
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

     Thomas M. Dubose, federal prisoner # 06261-043, was
convicted in 2002 in the Southern District of Mississippi of
manufacturing in excess of 500 grams of methamphetamine and was
sentenced to 262 months of imprisonment.  Dubose filed a 28
U.S.C. § 2241 habeas corpus petition to challenge his sentence,
and he now appeals the district court's dismissal of his § 2241
petition for lack of jurisdiction.  He argues that he should be

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permitted to pursue § 2241 relief in accordance with the savings clause of 28 U.S.C. § 2255.

Dubose has not shown that the district court erred in determining that his purported § 2241 petition was best construed as a § 2255 motion over which it lacked jurisdiction. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987). Dubose's contention that his claim under United States v. Booker, 543 U.S. 220 (2005), falls under § 2255's savings clause lacks merit. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). His argument that he received ineffective assistance of counsel at sentencing was raised for the first time in his appeal to this court, and we will not consider it. See Leggett v. Fleming, 380 F.3d 232, 236 (5th Cir. 2004).

The judgment of the district court is AFFIRMED.