United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10842
Summary Calendar

JOSE PEREZ-MARTINEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CV-56
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Perez-Martinez, federal prisoner # 09381-031, pleaded guilty to reentering the United States after deportation following a conviction for aggravated felony. Perez-Martinez is in custody pursuant to a judgment and sentence in the United States District Court for the District of Kansas.

Perez-Martinez filed the instant 28 U.S.C. § 2241 petition in the United States District Court for the Northern District of Texas, where he is incarcerated. He sought a downward departure because he was not eligible for various rehabilitative programs and sentence-reduction incentives due to his status as a deportable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alien, and he alleged that the conditions of his imprisonment were more onerous because of his alienage and in violation of his right to equal protection. The district court determined that Perez-Martinez was challenging aspects of his conviction and sentence that should have been raised in a § 2255 motion, and it dismissed his sentencing claims for lack of jurisdiction. The district court also held that Perez-Martinez had not shown that his sentencing claims satisfied either the § 2255 savings clause or 18 U.S.C. § 3582(c). Finally, the district court concluded that to the extent Perez-Martinez's claims properly raised issues under § 2241, he had failed to show that the conditions of his incarceration were unconstitutional or violated his equal protection rights.

Perez-Martinez now appeals the district court's dismissal of his § 2241 petition. He challenges the finding that he was not entitled to downward departure based on his alienage and specifically disputes the holding that his exclusion as a deportable alien from eligibility for a drug-rehabilitation program under 18 U.S.C. § 3621 does not violate equal protection. Additionally, for the first time on appeal, Perez-Martinez contends that he should receive a sentence adjustment based on the fact this his previous state conviction of simple possession of a controlled substance was not an aggravated felony to warrant a 16-level enhancement pursuant to Lopez v. Gonzales, 127 S. Ct. 625 (2006).

Perez-Martinez has not shown that the district court erred in determining that his sentencing arguments should have been raised

in a § 2255 motion over which it lacked jurisdiction. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001); <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990); <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir. 1987). Perez-Martinez also has not established that his sentencing claims fall under the § 2255 savings clause or that his sentence should be modified under § 3582. <u>Reyes-Requena</u>, 243 F.3d at 904 (savings clause); <u>United States v. Miller</u>, 903 F.2d 341, 349 (5th Cir. 1990)(§ 3582). Moreover, we decline to consider Perez-Martinez's claim that he is entitled to a revised sentence under <u>Lopez</u> because he has raised this claim for the first time on appeal of a habeas petition. <u>Leggett v. Fleming</u>, 380 F.3d 232, 236 (5th Cir. 2004).

Perez-Martinez's equal protection claim also fails because he does not show that he is being treated differently than similarly situated persons or that the restrictions on INS detainees' participation in the drug-treatment program are irrational. See <u>Samaad v. City of Dallas</u>, 940 F.2d 925 (5th Cir. 1991) (equal protection claim fails absent comparison to similarly situated others); <u>Rublee</u>, 160 F.3d at 214, 217 (flight risk is rational basis for ineligibility for community-based programs); <u>Wottlin v. Fleming</u>, 136 F.3d at 1037 ("rational basis" review of early-release claim).

The judgment of the district court is AFFIRMED.

3