United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 06-10683
Conference Calendar

---

ENRIQUE VALENZUELA

Petitioner-Appellant

v.

E W MORRIS, Warden Big Spring Correctional Center

Respondent-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-24

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Valenzuela, federal prisoner # 07530-112, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition. Valenzuela's contention that the respondent should have been ordered to file an answer is without merit. See Wottlin v. Fleming, 136 F.3d 1032, 1034 (5th Cir. 1998); see also Rule 4(b), Rules Governing Section 2255 Proceedings. Valenzuela argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Congress did not authorize a private contractor to control the conditions of confinement, such as prisoner classification and eligibility for rehabilitative programs. This argument is raised for the first time in this court and will not be considered. Leggett v. Fleming, 380 F.3d 232, 236 (5th Cir. 2004).

Valenzuela's challenge to the district court's refusal to appoint counsel is conclusional. Moreover, he has not shown that the interests of justice require the appointment of counsel. See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985). Valenzuela's argument that he has served more prison time than a United States citizen would have served is apparently based on the notion that his entitlement to early release should be the same as that of a United States citizen. However, there is no constitutional right to early release, and the denial of early release is within the discretion of the Bureau of Prisons. Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998).

AFFIRMED.