# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

No. 07-40009
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERWIN EUGENE SEMIEN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-158-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Erwin Eugene Semien appeals his conviction and sentence for conspiracy to possess with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 50 grams of methamphetamine, and possession of a firearm by a felon. Semien argues that the evidence is insufficient to support his convictions. He contends that no one saw him give narcotics to Clint Larive, and there is no evidence of a conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also argues that numerous people had access to the narcotics and the firearms that were seized.

Testimony established that Larive distributed cocaine and that he traveled to the location on County Road 154 between narcotics transactions. A search of the premises resulted in the seizure of large amounts of cocaine and methamphetamine as well as drug paraphernalia. There was evidence that Semien owned this property and owned or leased the vehicles on this property. Further, photographs of Larive were found in Semien's residence. Thus, the evidence is sufficient to established that Larive engaged in a conspiracy with Semien to distribute cocaine.

Although Semien argues that numerous people had access to the cocaine, methamphetamine, and firearms, it is reasonable to infer that Semien had knowledge of and access to the contraband. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). Thus, a reasonable trier of fact could have found Semien guilty of all the charges beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.