# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2011

No. 10-11294
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MCPHEARSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CR-4-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pedro McPhearson, federal prisoner # 32559-077, appeals his reduced sentence after the district court's grant of his 18 U.S.C. § 3582(c) motion and the district court's denial of his motion for equitable modification of his sentence beyond the statutory authority granted by § 3582(c).

The district court granted McPhearson's motion to reduce his sentence under § 3582(c)(2) based on the crack cocaine amendment. The court explained that McPhearson's previous guideline range was 262 to 327 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment and that his amended guideline range was 210 to 262 months of imprisonment. The district court reduced McPhearson's term of imprisonment to 262 months of imprisonment, the top end of the amended sentencing range. The district court stated: "The reduced sentence is the statutory minimum sentence within the guideline range."

McPhearson argues that the district court erred in reducing his sentence to 262 months when it intended to reduce it to the statutory minimum sentence, 210 months. The Government disagrees that the district court clearly intended to impose a sentence of 210 months, but it agrees that the district court's order is ambiguous on the intended sentence reduction and the court's understanding of its discretion under § 3582(c).

The district court may have simply miscommunicated its intended description of the 262-month reduced sentence, saying "minimum" when it meant "maximum" sentence within the amended guideline range. Alternatively, the district court may have intended to note that the 262-month reduced sentence was the minimum sentence it could have imposed at the original sentencing, using the phrase "guideline range" to mean the original guideline range, not the amended guideline range. That description is unnecessary but not erroneous. On the other hand, the district court's statement could refer to the minimum of the amended guideline range, 210 months, indicating that the court intended to reduce McPhearson's sentence to the minimum term in the amended range. If so, the district court misstated its intended sentence, and McPhearson would be entitled to have the judgment amended accordingly to 210 months.

Another possibility is that the district court accurately stated its intent to reduce the sentence to 262 months but may have erroneously believed that it lacked the authority to reduce the sentence any lower. The district court's description of the 262-month sentence as the "statutory minimum" might reflect an erroneous belief by the district court that the Sentencing Commission's policy

statements limited the extent of a sentence reduction to the minimum of the original guideline range. The policy statements allow the district court to reduce a prison term to any point within but not less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). The district court had the authority to reduce the sentence to 210 months if it so intended.

The district court's order is ambiguous as to the reduced sentence the court intended to impose and as to the court's understanding of the extent of its discretion under § 3582(c)(2). As suggested by the Government, we retain jurisdiction over the case and make a limited remand for clarification of the record. *See United States v. Garcia-Rodriguez*, 640 F.3d 129, 134 (5th Cir. 2011); *United States v. Runyan*, 275 F.3d 449, 468 (5th Cir. 2001).

McPhearson argues that the circumstances of his erroneous release, rehabilitation, and reincarceration constitute a waiver by the Government of its jurisdiction over him, or warrant an evidentiary hearing on the propriety of the Government's inaction. He also argues that the district court erred in failing to give him credit for the time that elapsed while he was erroneously at liberty. For the first time in his appellate brief, he asserts that the district court had jurisdiction under 28 U.S.C. § 2241, and he characterizes his motion for equitable relief as a petition for a writ of habeas corpus.

Section 2241 is the proper procedural vehicle if a prisoner is challenging the execution of his sentence rather than the validity of his conviction and sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Because McPhearson is challenging the execution of his sentence, a § 2241 petition is proper. *See Jeffers*, 253 F.3d at 830; *see also Leggett v. Fleming*, 380 F.3d 232, 233-34 (5th Cir. 2004) (action for credit against sentence for time spent at liberty brought under § 2241).

However, McPhearson did not file a § 2241 petition in the district court. He filed a § 3582(c) motion and a motion to invoke the court's equitable authority. The district court determined that McPhearson's request for

equitable relief did not fall within any of the limited circumstances by which the court could modify his term of imprisonment under § 3582(c).  Alternatively, assuming that it had the equitable power necessary, and assuming that McPhearson's motion was the proper avenue to raise such a claim, the district court denied the claim on its merits.

The district court correctly ruled that it lacked authority to grant McPhearson's claim for equitable relief under § 3582(c).  Section 3582(c)(2) proceedings are not full resentencing proceedings.  *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010).  In ruling on a § 3582(c) motion, a sentencing court lacks discretion to reduce a sentence to a term that is less than the minimum of the amended guideline range as provided in § 1B1.10, p.s.  *Id.*; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

McPhearson could and should have sought the relief requested in a § 2241 petition filed in the district of his confinement, in this case in California.  The only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district in which the prisoner is confined.  *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001).  The Government cannot be considered to have waived its objection to the district court's jurisdiction under § 2241.  McPhearson did not assert below that the district court had jurisdiction to modify his sentence under § 2241, and the district court did not consider § 2241 as a possible source of jurisdiction.  The Government objected to § 2241 jurisdiction at the first opportunity presented, in its brief opposing McPhearson's assertion of § 2241 jurisdiction in his brief for the first time on appeal.

We AFFIRM the judgment denying equitable modification of the sentence. We REMAND to the district court for clarification of its intended sentence.