**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2012

Lyle W. Cayce
Clerk

No. 12-10258
Summary Calendar

LEONARDO MARROQUIN, also known as The Little Horse,

Defendant-Appellant

v.

UNITED STATES OF AMERICA,

Plaintiff-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-23

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Leonardo Marroquin, federal prisoner # 81568-079, was sentenced to 188 months in prison following his plea of guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. After his appeal was dismissed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Marroquin brought a 28 U.S.C. § 2255 motion challenging, inter alia, the district court's conversion of cash to its equivalent in methamphetamine for sentencing purposes. The district court denied relief, a judge of this court denied a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certificate of appealability (COA), and this court denied Marroquin's subsequent request to raise this claim in a successive § 2255 motion. Marroquin returned to the district court seeking relief by way of a petition for writ of coram nobis and now appeals the district court's dismissal of his petition for lack of jurisdiction.

It is well established that the writ of coram nobis is available to a petitioner who is no longer in custody and who seeks to vacate a conviction because he is suffering civil disabilities. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Marroquin is still in custody; therefore, the district court correctly determined that a writ of coram nobis is unavailable to him. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Rather, the relief Marroquin seeks is available only under § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Because Marroquin did not obtain authorization from this court to file a successive § 2255 motion, the district court properly concluded that it lacked jurisdiction to entertain his motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Marroquin also cites 18 U.S.C. § 3582(c)(2) as authority for the court to modify his sentence. We ordinarily do not consider issues raised for the first time on appeal. *See Leggett v. Fleming*, 380 F.3d 232, 236 & n.16 (5th Cir. 2004). In any case, § 3582(c)(2) is inapplicable as it provides only for a reduction of a sentence based on retroactive amendments to the Sentencing Guidelines. *See Dillon v. United States*, 130 S. Ct. 2683, 2690-91 (2010). Marroquin's characterization of his petition as a "§ 2241 motion coram nobis"–also asserted for the first time on appeal–is likewise unavailing. A § 2241 petition is distinct from a coram nobis petition, and Marroquin's sentencing claims do not provide a basis for relief under § 2241. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001). In short, Marroquin's appeal is without arguable merit, and we dismiss it as frivolous. *See* 5TH CIR. R. 42.2.

No. 12-10258

As noted, Marroquin's claims regarding the cash-to-drugs conversion were previously raised and rejected in an initial § 2255 proceeding, and this court denied Marroquin permission to raise his claims in a successive § 2255 motion. Marroquin then brought a meritless petition for writ of coram nobis seeking to raise the same claims and filed a frivolous appeal. We caution Marroquin that future repetitive, frivolous, or abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.