# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40970

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2018

Lyle W. Cayce
Clerk

ERWIN EUGENE SEMIEN,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-257

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Erwin Eugene Semien appeals the denial of his habeas corpus petition under 28 U.S.C. § 2241. He contends that the district court erred because: (1) he was entitled to a hearing for revocation of supervised release before returning to federal custody; (2) he was entitled to credit against his federal sentence for time spent at liberty after his erroneous release because he was subject to a federal detainer; (3) he was entitled to credit against his federal sentence for time spent at liberty after his erroneous release because the error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40970

was caused by the Marshals Service; and (4) the district court abused its discretion by denying him an evidentiary hearing. Finding no error, we **AFFIRM**.

## BACKGROUND

In December 2005, Erwin Eugene Semien was charged via indictment in the Eastern District of Texas with conspiracy to possess with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 500 grams of cocaine, possession with the intent to distribute less than 50 grams of methamphetamine, and possession of a firearm by a felon. At the time of his federal indictment, Semien was being held by Texas authorities for a parole violation. On December 29, 2005, Semien was transferred to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum.

Semien was convicted by a jury on all federal charges, and on December 20, 2006, he was sentenced to a total of 115 months of imprisonment, to be served consecutively to any future parole revocation. This court affirmed the conviction and sentence. *United States v. Semien*, 248 F. App'x 615 (5th Cir. 2007).

Semien was returned to state custody on January 4, 2007, and his state parole was revoked on April 18, 2007. Semien was erroneously released from state custody on February 13, 2009.

Semien was arrested by the Marshals Service on May 2, 2014. After exhausting his administrative remedies, Semien filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that he was entitled to credit towards his federal sentence from February 13, 2009, the date he was first erroneously released by the Texas authorities, to May 2, 2014, the date he was taken into federal custody.

2

No. 17-40970

The magistrate judge ("MJ") recommended denying Semien's § 2241 petition. The MJ determined that Semien's federal sentence commenced on May 2, 2014, and concluded that Semien was not entitled to credit for the time he was at liberty. The MJ found that the Marshals Service did not err "in awaiting notice from the Texas prison system after filing a detainer asking the state authorities to notify them upon [Semien's] release." To the extent that Semien sought relief from his conviction and sentence under 28 U.S.C. § 2255, the MJ concluded that the motion was an unauthorized successive motion over which the court lacked jurisdiction.

Through counsel, Semien objected to the MJ's report and recommendation. Counsel asserted that there was no evidence from the Government to show the status of the federal detainer. His objections included a request for a hearing to resolve how Semien was released or to clarify the status of the detainer. Semien also filed pro se objections to the MJ's recommendation. He alleged that the record demonstrated an error by the Government that led to his release. Specifically, he noted that the USM number on his judgment was incorrect and belonged to a different federal prisoner. He argued that, therefore, the erroneous release was the fault of governmental authorities and he was entitled to credit for his time spent at liberty. He also asserted that his term of supervised release commenced upon his release from state custody and that his supervised release was revoked without a hearing.

The district court overruled Semien's objections and found that there was "no evidence the authority seeking to enforce the sentence erred." The court stated that Semien's assertions otherwise were "pure speculation." Accordingly, the court adopted the report of the MJ and denied Semien's § 2241 petition. Semien filed a timely notice of appeal.

No. 17-40970

## STANDARD OF REVIEW

In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*. *Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998). This court reviews the denial of an evidentiary hearing for abuse of discretion. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## DISCUSSION

*Revocation Hearing*

Semien first argues that he was entitled to a revocation hearing before ending his supervised release. He was not. Semien was released from state custody on February 13, 2009, not federal custody. For this reason, Semien's time at liberty was not a term of supervised release that was later revoked. *See* 18 U.S.C. § 3624(e). Without a term of supervised release, Semien was not entitled to a revocation hearing.

*Official Detention*

Semien further contends that he is entitled to sentence credit for the time he spent at liberty because he was subject to a federal detention order and a sentencing order pursuant to 18 U.S.C. §§ 3142(e) & 3143(a) (respectively), which constituted "official detention" under 18 U.S.C. § 3585(b). He also cites the Supreme Court's holding in *Reno v. Koray*, 515 U.S. 50, 115 S. Ct. 2021 (1995) as further support for receiving a sentence credit.

Both aspects of Semien's argument are mistaken. Section 3142(e) is inapplicable here, as it addresses "detention of [a] person before trial." 18 U.S.C. § 3142(e)(1). Further, *Koray* suggests that Semien is *not* entitled to credit for his time spent at liberty because he was not subject to the Bureau of Prison's ("BOP") control. The Court in *Koray* held that a defendant who spent time at a community treatment center while "released on bail" was not

officially detained "within the meaning of 18 U.S.C § 3585(b)" and therefore "not entitled to a credit against his sentence of imprisonment." *Koray*, 515 U.S. at 65, 115 S. Ct. at 2029. The Court explained that "[a] defendant who is 'released' is not in BOP's custody" while "[a] defendant who is 'detained,' however, is completely subject to BOP's control." *Id.* at 63, 115 S. Ct. at 2028. Accordingly, the fact that Semien was subject to detention and sentencing orders does not entitle him to sentence credit for the time he spent at liberty because he was not subject to BOP's control.

*Government Error*

Semien next argues that he is entitled to sentence credit because there is evidence that an error by the Government contributed to his mistaken release. The error at issue is a typo in the final judgment from Semien's criminal case. The judgment incorrectly notes Semien's USM number as "05696-078." Semien's actual USM number is 05695-078. He contends that this incorrect number on the judgment led to his mistaken release. Semien relies on this court's opinion in *Leggett v. Fleming*, 380 F.3d 232 (5th Cir. 2004) to bolster his claim for sentence credit.

*Leggett* addressed a prisoner's argument that he was entitled to sentence credit after he was erroneously released from Texas state prison because his federal detainer did not travel with him when he was moved between facilities. *Leggett*, 380 F.3d at 233-34. This court recognized that "[w]e have previously held that in some circumstances a prisoner may receive credit against his sentence if the error of government officials prevented the prisoner from serving his sentence." *Id.* at 234 (citing *Thompson v. Cockrell*, 263 F.3d 423, 427 (5th Cir. 2001)). The court went on to note that "we have also held that a delay in the commencement of a sentence by itself does not constitute service of that sentence." *Id.* (citing *Scott v. United States*, 434 F.2d 11, 23 (5th Cir.

1970); *United States ex. rel. Mayer v. Loisel*, 25 F.2d 300, 300 (5th Cir. 1928)). *Leggett* also noted "that in certain situations the government may waive jurisdiction of its right to execute a sentence if it significantly delays the enforcement of that sentence." *Id.* at 234 n.3 (citing *Shields v. Beto*, 370 F.2d 1003, 1005-06 (5th Cir. 1967)).

This court's precedents before *Leggett* indicate that Semien is not entitled to sentence credit for the government's apparent mistake. The opinion *Leggett* cites for the proposition that a governmental error could entitle a prisoner to sentence credit if that error prevented them from serving their sentence, *Thompson*, is inapplicable. The court in *Thompson* addressed facts distinct from those in the instant case: Thompson was erroneously released early from state prison and was then denied sentence credit by the Texas Board of Pardons and Paroles for the time he spent at liberty. *Thompson*, 263 F.3d at 424. The court held that "the Due Process Clause does not by itself prohibit states from denying prisoners calendar time after an erroneous release," but then found that "[t]he law in Texas from the time of Thompson's offense to [the time of the decision] require[d] the State to credit Thompson for time after an erroneous release, so long as [he] was not at fault." *Id.* at 426-27. The instant case does not involve any state-law interest in sentence credit.

This court's decisions in *Shields v. Beto* and *Piper v. Estelle*, 485 F.2d 245 (5th Cir. 1973) provide the framework to analyze Semien's claim. This court held in *Shields* that Texas waived jurisdiction to enforce Shields's sentence because Texas "showed no interest in the return of the prisoner, either by agreement between the sovereigns, by detainer, or any other affirmative action." *Shields*, 370 F.2d at 1005-06. "The lack of interest in Shields by the State of Texas . . . [for] a lapse of more than 28 years, was equivalent to a pardon or commutation of his sentence and a waiver of jurisdiction." *Id.* at

1006. This court in *Piper* explained that for waiver under *Shields* "it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest." *Piper*, 485 F.2d at 246. Rather, the prisoner must show that "the waiving state's action [was] so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Id.*

Neither *Shields* nor *Piper* suggest that Semien is entitled to a sentence credit for the time he spent at liberty. The five years and three months that Semien spent at liberty before the Marshals Service arrested him is a far cry from the twenty-eight years that passed before Texas attempted to enforce Shields's sentence after he was arrested in another state. Indeed, the delay in enforcing Semien's sentence is more akin to the twenty-seven-month delay in imprisonment at issue in *Scott*, which "[did] not constitute service of that sentence." *Scott*, 434 F.2d at 23. The federal government *did* show interest in Semien's return; the Marshals took the affirmative action of arresting him in 2014. Furthermore, a typo on Semien's final judgment that arguably led to his erroneous release for 63 months before serving his federal sentence is neither "so affirmatively wrong" nor "so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require" Semien to serve his sentence now. *Piper*, 485 F.2d at 246. Accordingly, Semien is not entitled to sentence credit for the government's alleged error regarding his USM number.

*Evidentiary Hearing*

Finally, Semien appears to argue that the district court abused its discretion in denying him an evidentiary hearing for his habeas petition. A federal habeas court is not required to conduct an evidentiary hearing.

*McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). "[T]he burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citation omitted). Here, Semien contended that the government's error on his final judgment, and possibly on his detainer, contributed to his erroneous release. As discussed above, Semien would not be entitled to the relief he seeks even if he proved that the government's error contributed to his release. Accordingly, the district court did not abuse its discretion in denying Semien an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.