CLD-038                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2402
_____

DARRELL BELL,
                                    Appellant

v.

WARDEN FAIRTON F.C.I.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:18-cv-02464)
District Judge:  Renee Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2019
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Darrell Bell appeals from an order of the District Court denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Bell is a federal prisoner currently confined at the Federal Correctional Institute in Fairton, New Jersey ("FCI-Fairton"). On June 8, 2010, Bell was arrested by local authorities in Philadelphia, Pennsylvania on charges of aggravated assault, terroristic threats with intent to terrorize another, simple assault, recklessly endangering another person, and resisting arrest. While in state custody, he was indicted in the United States District Court of the Eastern District of Pennsylvania on one count of being a felon in possession of a firearm. On June 16, 2011, Bell was sentenced in the Court of Common Pleas, Philadelphia County, to a 58 to 116-month term of imprisonment, with credit for time served while in pretrial custody from June 8, 2010 through June 16, 2011. Thereafter, on December 6, 2011, he was sentenced in federal court to a 37-month term of imprisonment, to be served consecutively to his state-court sentence.

On December 21, 2011, the United States Marshals Service returned Bell to Pennsylvania custody, and placed a detainer on him for his federal conviction. The detainer was dated December 14, 2011, and marked as received by the Pennsylvania Prison System Records Department on December 20, 2011.

Bell later received an additional state sentence for a probation revocation. On July 14, 2016, he finished serving his Pennsylvania sentences and, despite the federal detainer, was released by state authorities into the community.

2

On February 13, 2017, the District Court issued an arrest warrant for Bell to serve his federal sentence, and he was arrested the following day. The Bureau of Prisons calculated his 37-month federal sentence as commencing on February 14, 2017.

On February 21, 2018, Bell filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, arguing that the Bureau of Prisons should have granted him credit for the seven months he was at liberty between his release from state confinement and his arrest by federal authorities. The Government answered the § 2241 petition, arguing that Bell was not entitled to a credit because he was not in custody during the time he was at liberty and federal authorities were not negligent. The District Court agreed with the government and entered an order denying Bell's § 2241 petition.

Bell appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6. We have developed the following test for addressing the type of claim Bell brings here:

> [I]n order for a prisoner to receive credit for time he was erroneously at liberty, the prisoner's habeas petition must contain facts that demonstrate that he has been released despite having unserved time remaining on his sentence. Once he has done this, the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or (2) that the prisoner obtained or retained his liberty through his own efforts.

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Vega v. United States, 493 F.3d 310, 319 (3d Cir. 2007).

We conclude that although Bell's § 2241 petition contains facts demonstrating that he was released with unserved time remaining on his sentence, the Government has met its burden of showing there was no negligence on its part. The federal authorities properly lodged a detainer on Bell, and the state authorities acknowledged receipt. This case is therefore distinguishable from Vega, where the federal authorities never confirmed the state's receipt of the detainer, and never followed up with the state regarding whether the state would comply. See id. at 313. By contrast, this case is very similar to Leggett v. Fleming, 380 F.3d 232 (5th Cir. 2004), a case we relied upon in fashioning the Vega standard. In Leggett, the United States Court of Appeals for the Fifth Circuit affirmed the denial of a petitioner's claim for credit for the time he was erroneously at liberty between the completion of his state sentence and the start of his federal sentence because federal authorities lodged a detainer with the state authorities, and the state authorities acknowledged receipt of the same. Id. at 233. Here, as in Leggett, the erroneous time at liberty was not the result of negligence on the part of federal authorities. Accordingly, Bell is not entitled to credit for the time he was at liberty.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Bell's § 2241 petition.