[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12440
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04364-KOB-JEO

LARRY SCOTT HUMPHREYS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 22, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Larry Humphreys, proceeding *pro se*, appeals the district court's dismissal in part and denial in part of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  After careful review, we affirm.

## I.    BACKGROUND

### A.    Factual Background Underlying Present § 2241 Petition

In 2001, Petitioner was arrested in Tennessee on state charges related to armed robbery.  This same conduct also resulted in federal charges.  Petitioner was transferred to federal custody pursuant to a federal writ on October 26, 2001.  On August 1, 2002, Petitioner pled guilty in the Eastern District of Tennessee to (1) two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) and (2) two counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He was sentenced to 430 months' imprisonment on November 18, 2002.  The judgment did not indicate whether his federal sentence should run concurrent to any other sentence.  He did not file a direct appeal.

Less than a month later, on December 11, 2002, federal officials returned Petitioner to state custody in Tennessee to face state armed robbery charges.  In returning Petitioner, federal officials lodged a detainer for Petitioner's return to federal custody when his state custody ended.  Petitioner was sentenced in state court to five years' imprisonment on October 4, 2005, and transferred to the

Tennessee Department of Corrections to begin serving his state sentence on October 13, 2005. For reasons unknown, the federal detainer that had been previously lodged against him was not recorded by the Tennessee Department of Corrections. Because Petitioner did not have a federal detainer, the Tennessee Department of Corrections released him at the expiration of his state sentence on May 23, 2006. Federal authorities subsequently arrested him on June 9, 2006.

In the meantime, on May 20, 2004, Petitioner filed a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Tennessee. Pertinent to this appeal, he claimed that his attorney was ineffective for encouraging him to sign the plea agreement and for failing to file a direct appeal. He claimed to have recently discovered that he was misled about the strength of the Government's case against him. Acknowledging that the one-year statute of limitations for filing a § 2255 motion had already expired, he asked the court to restart the clock based on this new information. The district court dismissed Petitioner's § 2255 motion as time-barred because he had filed it more than one year after his conviction was final. On appeal, the United States Court of Appeals for the Sixth Circuit vacated the district court's order and remanded for consideration of whether Petitioner was entitled to statutory tolling under 28 U.S.C. § 2255(f). Following remand, in October 2008, the district court again

dismissed Petitioner's § 2255 motion as time-barred, concluding that he was not entitled to statutory or equitable tolling.

### B.    Present § 2241 Petition

In December 2011, some three years after the Eastern District of Tennessee had denied Petitioner's § 2255 motion, Petitioner filed the present § 2241 habeas corpus petition in the Northern District of Alabama, where he was then incarcerated.  He argued that:  (1) the Government breached the plea agreement; (2) his due process rights were violated; (3) he had been exposed to an "installment sentence"; and (4) the Government had created an impediment to him perfecting his § 2255 motion.  In essence, Petitioner argued that Tennessee's release of him in 2006—instead of transferring him to federal custody—caused him to lose important legal documents, which prevented him from perfecting a § 2255 motion. He further asserted that his erroneous release by Tennessee violated his due process rights and exposed him to an installment sentence and a possible waiver of jurisdictional custody.  In an addendum to his § 2241 petition, Petitioner explained that his federal plea agreement had stated that the Government would recommend that any state sentence run concurrent to the federal sentence.

### C.    Federal Bureau of Prisons' Response to § 2241 Petition

In March 2012, the Federal Bureau of Prisons ("BOP"), in response to Petitioner's § 2241 petition,[1] sent a letter to the district court, indicating that Petitioner had filed a request for retroactive designation of a state institution for service of a federal sentence.  In other words, Petitioner wanted the BOP to retroactively deem his federal sentence to have been running at the time he was serving his state sentence.  The BOP explained that it would consider the relevant factors under 18 U.S.C. § 3621(b) in making the retroactive-designation determination, and stated that the district court's position on that issue, although not binding, would be useful in making that determination.

In April 2012, the district court responded, informing the BOP that Petitioner's federal judgment had not mentioned the state charges because there was no conviction on those charges at the time of Petitioner's federal sentencing. The court noted, however, that had Petitioner been convicted on those state charges at the time of sentencing in the present case, the district court likely would have run its federal sentence consecutive to the state sentence.  Nevertheless, the district court left to the BOP's discretion the decision whether Petitioner should receive a retroactive designation.

---

[1]  The BOP credited Petitioner for the following time periods:  September 25, 2001 to September 26, 2001, and October 27, 2001 through June 25, 2002.  Petitioner did not receive credit for the time that had already been credited by the Tennessee Department of Corrections.

Based on its examination of the factors under § 3621(b), the BOP ultimately denied Petitioner's request for retroactive designation.

### D.    Report and Recommendation and District Court Order

The magistrate judge thereafter issued a Report and Recommendation ("R&R"), recommending denial of Petitioner's § 2241 petition.  The magistrate judge first determined that he did not have jurisdiction to address Petitioner's claims pertaining to the breach of his plea agreement, as these claims attacked the validity of his conviction and sentence, and Petitioner had not demonstrated that a § 2255 motion was inadequate or ineffective to raise his claims, meaning that those claims could not be considered in a § 2241 petition.  Next, the magistrate judge determined that the state prison's failure to turn Petitioner over to federal authorities upon expiration of his state sentence, thereby requiring his subsequent re-arrest by federal authorities, did not violate Petitioner's due process rights because Petitioner failed to show any affirmative misconduct by the Government. As to Petitioner's claim that he was entitled to credit against his federal sentence for the time spent in state custody in Tennessee, the magistrate judge explained that the BOP makes the final determination regarding retroactive designation of a state institution for service of a federal sentence, and it had reviewed and denied Petitioner's request.  Finally, the magistrate judge rejected Petitioner's claim that the Government had impeded his ability to perfect his § 2255 motion, concluding

6

that he failed to show that federal authorities acted unlawfully by arresting him to serve his federal sentence or that Petitioner had been prejudiced by the loss of his legal materials.

Over Petitioner's objections, the district court adopted the R&R and dismissed Petitioner's claims seeking to challenge the validity of his conviction and sentence and denied his remaining claims.  This appeal followed.

## II.    DISCUSSION

We review the denial of habeas relief under 28 U.S.C. § 2241 *de novo*, and the district court's factual findings for clear error.  *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015).  A challenge to the validity of a conviction or sentence generally must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  The appropriate vehicle for raising a challenge to the execution of a sentence is a § 2241 habeas corpus petition. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before he can file a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255(h).  Such a petitioner, however, may collaterally attack his sentence by way of a § 2241 petition only if his motion falls within the "saving clause" of § 2255(e).  *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).  Yet, a

7

court may entertain a § 2241 petition under the saving clause only if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In his § 2241 petition, Petitioner raised claims challenging both the validity of his conviction and sentence, as well as the execution of his sentence. We address each set of claims in turn.

### 1.    Claims Challenging the Validity of Conviction and Sentence

Petitioner's claims that the Government breached his plea agreement and impeded his ability to perfect his § 2255 motion challenge the validity of his conviction and sentence. Because Petitioner has already filed an unsuccessful § 2255 motion, he must satisfy the requirements of the saving clause in order to proceed under § 2241. *See* 28 U.S.C. § 2255(e). He asserts that his claims fall within § 2255(e)'s saving clause because a § 2241 petition is the only vehicle available for him to assert his claims.

Sitting *en banc*, we recently overruled our prior precedents interpreting the saving clause. *See McCarthan*, 851 F.3d at 1100. In doing so, we examined the text of the saving clause under § 2255(e) and concluded that "[t]o determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim." *Id.* at 1086. Stated another way, if the prisoner would have been permitted to bring the claim at issue

8

in a motion to vacate, then the prisoner had a meaningful opportunity to test his claim. *See id.*

Here, the district court did not err by rejecting Petitioner's contentions that he had been unable to perfect his § 2255 motion or that the Government breached the plea agreement. Because Petitioner had a "meaningful opportunity" to raise these claims in a § 2255 motion, the remedy provided by § 2255 "was an adequate and effective means for testing" the legality of his sentence. *Id.* at 1087, 1099 (quotation omitted). That Petitioner's § 2255 motion was dismissed as time-barred does not change the result. *See id.* at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Accordingly, Petitioner cannot raise these arguments in a § 2241 petition.

### 2.    Claims Challenging the Execution of His Sentence

Petitioner's remaining claims pertaining to his erroneous release and the retroactive designation of a state institution are challenges to the execution of his sentence.[2] *Cf. United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A

---

[2] We note that the Government does not address Petitioner's claims related to the execution of his sentence, arguing that Petitioner has abandoned those claims. Although the majority of Petitioner's brief focuses on the Government's alleged breach of the plea agreement, construing his brief liberally, he also argues that his federal sentence should run concurrent to his state sentence and that he was exposed to an illegal installment sentence. We therefore address those claims here. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e read briefs filed by *pro se* litigants liberally.").

claim for credit for time served is brought under 28 U.S.C. § 2241. . . .").  We conclude that the district court properly denied these claims.

First, Petitioner has failed to show that the failure of Tennessee prison officials to honor the federal detainer upon expiration of his state sentence resulted in an improper installment sentence.  Although this Court has recognized that other courts sometimes award credit for time at liberty to "prisoners who have been forced to serve their sentences in installments through a series of releases and reincarcerations," this Court has determined that a delay in the commencement of a sentence does not constitute service of a sentence.  *Little v. Holder*, 396 F.3d 1319, 1321–22 (11th Cir. 2005) (concluding that a prisoner was not forced to serve his sentence in installments where his federal sentence was merely delayed after he was released from state imprisonment).

Petitioner's federal sentence did not commence until he was taken into federal custody on June 9, 2006, to begin service of his sentence at a federal institution.  *See* 18 U.S.C. § 3585(a) (explaining that a federal sentence begins to run on the date a "defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").  Because the commencement of Petitioner's federal sentence was merely delayed by the two weeks that he was

10

erroneously at liberty, he was not forced to serve his federal sentence in installments.  *See Little*, 396 F.3d at 1321–22.

Moreover, to the extent Petitioner argues that his erroneous release by Tennessee violated his due process rights and constituted a waiver of jurisdiction by federal authorities, we disagree.  In order to show that a delay in execution of a sentence constitutes a due process violation under a waiver of jurisdiction theory, a prisoner must show that the Government's actions were "so affirmatively wrong" or "grossly negligent" that it would violate due process to require the prisoner to serve his sentence.  *United States v. Barfield*, 396 F.3d 1144, 1149 (11th Cir. 2005) (concluding that the Government was not "affirmatively wrong" or "grossly negligent" in delaying the prisoner's sentence so that she could spend time with her family because the Government was under the belief that she was dying).  Petitioner was only at liberty for approximately two-and-a-half weeks before federal authorities arrested him on June 9, 2006.  Because the record does not suggest that Tennessee's failure to transfer Petitioner to federal custody pursuant to the detainer was anything more than a clerical error by the state, Petitioner has not shown that the federal government's actions were "so affirmatively wrong" or "grossly negligent" that requiring him to serve his sentence would violate his due process rights.  *See id.*

11

Finally, Petitioner has also failed to demonstrate any error in the BOP's denial of his request for retroactive designation of a state institution for service of a federal sentence.  The BOP has the discretionary authority to decide whether to retroactively designate a state institution for service of a federal sentence.  *See* 18 U.S.C. § 3621(b).  As noted, such a decision has the practical effect of causing the state and federal sentences to run concurrent to each other.  *See Setser v. U.S.*, 566 U.S. 231, 235 (2012) ("[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive."); *see also* Federal BOP Program Statement 5160.05(9)(a) (Jan. 16, 2003), *available at* https://www.bop.gov/policy/progstat/5160_005.pdf.  To make this determination, the BOP considers several factors, including but not limited to:  (1) the resources of the institution being considered; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; and (4) any statements made by the district court in imposing the sentence.  18 U.S.C. § 3621(b).

The BOP complied with its policies and procedures in making the decision to deny Petitioner's request for retroactive designation, which provide that the BOP will make a concurrent-sentence designation "only when consistent with the intent of the federal sentencing court or the goals of the criminal justice system."

12

Federal BOP Program Statement 5160.05(8).  Because Petitioner's federal judgment was silent as to whether his sentence should run concurrent to any other sentence, the BOP—in accordance with its Program Statement for handling prisoner requests for retroactive designation of a state institution—provided the district court with an opportunity to state its position regarding Petitioner's request. *See* Federal BOP Program Statement 5160.05(9)(b)(4)(c) (explaining that when a prisoner requests pre-sentence credit toward a federal sentence for time spent in state custody, the BOP gives the sentencing court an opportunity state its position on the request).  Before denying Petitioner's request, the BOP considered the factors under § 3621(b), including the district court's statement that it would have been inclined to run Petitioner's federal sentence consecutive to any state sentence. Given that the BOP followed its policies and procedures, and because Petitioner has not provided any evidence to the contrary, we conclude that the BOP acted within its discretionary authority in denying Petitioner's request for retroactive designation.

### III.   CONCLUSION

Based on the foregoing reasons, the district court's denial of Petitioner's § 2241 petition for habeas relief is **AFFIRMED**.