[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12464
Non-Argument Calendar

_____

D. C. Docket No. 07-01429-CV-ODE-1

MAKUSHAMARI GOZO,

Plaintiff-Appellant,

versus

JANET NAPOLITANO,
Secretary of the United States
Department of Homeland Security,
FELICIA SKINNER,
Director of Detention and Removal United
States, Immigration and Customs Enforcement,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 30, 2009)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Makushamari Gozo, a native and citizen of Zimbabwe, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition, wherein he claimed that he had been detained for more than six months after he was ordered removed, and that there was no significant likelihood of removal in the foreseeable future. Gozo last entered the United States in 1992 as a non-immigrant student. On August 18, 2006, Immigration and Naturalization Service ("INS") issued a Notice of Intent to Issue a Final Administrative Removal Order pursuant to Section 238(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1228(b), based on the finding that Gozo was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony.

On October 24, 2006, INS issued a Final Administrative Removal Order and ordered Gozo removed to Zimbabwe. On November 18, 2006, Gozo filed for withholding of removal and CAT relief. Gozo was interviewed by an asylum officer who determined that he had a reasonable fear of persecution or torture if returned to Zimbabwe and referred him to an Immigration Judge ("IJ") for a withholding-only hearing on January 18, 2007. On May 23, 2007, the IJ denied Gozo's requests for withholding of removal and CAT relief and ordered him

2

removed to Zimbabwe. On June 20, 2007, Gozo appealed the IJ's order to the BIA, which affirmed the IJ's decision on December 10, 2007. Meanwhile, Gozo filed the instant § 2241 petition on June 18, 2007.

On appeal, Gozo argues that his removal order became final on October 24, 2006, and that he had been detained in excess of six months when he filed the instant petition. Gozo further argues that neither the Zimbabwean nor Italian embassy will issue a travel document for him in the foreseeable future.

"In reviewing the district court's denial of a habeas corpus petition, we review questions of law de novo and the court's findings of fact for clear error." *Little v. Holder*, 396 F.3d 1319, 1321 (11th Cir. 2005). We liberally construe the pleadings of a *pro se* petitioner. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *cert. denied*, No. 08-6426, 2008 U.S. LEXIS 8777.

An alien who has who has been ordered removed shall be removed within a 90-day "removal period" that begins to run from the latest of:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). However, "[a]n alien ordered removed who is . . .

3

removable under section . . . [§ 1227(a)(2)] . . . may be detained beyond the removal period. . . ." 8 U.S.C. § 1231(a)(6). The Supreme Court has held that § 1231(a)(6) contains an implicit reasonableness limitation that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S. Ct. 2491, 2498 (2001). To that end, the Court held that six months is a presumptively reasonable period of time to detain an alien awaiting removal. *Id.* at 701, 121 S. Ct. at 2505. After six months, the alien may, in a § 2241 petition, "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . ." *Id.* Upon such a showing, the government has the burden of rebutting the alien's claim, although not every alien must be released after six months, and "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* We subsequently determined that, to state a claim under *Zadvydas*, an alien must show: (1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002) (per curiam).

4

Here, as the district court found, the statutory removal period was triggered on October 24, 2006 when INS issued its Final Administrative Removal Order. However, the removal period was tolled from November 18, 2005, when Gozo filed for withholding of removal, until May 23, 2007, when the IJ denied his request for such relief. Gozo "interrupted the running of time under *Zadvydas*" when he "simultaneously challenge[d] issues related to his removal order and his post-removal period detention." *Akinwale*, 287 F.3d at 1052 n.4. Therefore, because only 53 days elapsed between the final removal order and the filing of the petition, Gozo's *Zadvydas* claim is premature.

Additionally, Gozo argues that he has evidence demonstrating that neither the Zimbabwean nor Italian embassy will issue him a travel document in the foreseeable future. We will not consider this issue because it was not raised in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court") (quotation omitted).

## CONCLUSION

Upon close review of the record and the parties' briefs, we discern no error. As a result, we affirm the dismissal of Gozo's § 2241 petition.

**AFFIRMED.**