Stephen Hyles, UNITED STATES MAGISTRATE JUDGE
On March 27, 2019, Petitioner filed an "Emergency Motion to Authorize Discovery[.]" Pet'r's Mot. for Disc. 1, ECF No. 9. Respondents contend that Petitioner's discovery requests are based on "speculation" that "is not enough to rise to the level of showing good cause for discovery." Resp'ts' Resp. to Mot. for Disc. 4, ECF No. 11. The Court disagrees with Respondents and finds there is good cause to authorize discovery here.
I. Habeas Discovery
A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley , 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). But, habeas petitioners are not to be left without any method for developing facts in support of their claim. Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure" in a habeas proceedings.[1]
Good cause exists "where specific allegations [ ] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [they are] entitled to relief." Daniel v. Comm'r, Ala. Dep't of Corr. , 822 F.3d 1248, 1281 (11th Cir. 2016) (citing Bracy , 520 U.S. at 908-09, 117 S.Ct. 1793 ). Conversely, good cause "cannot arise from mere speculation" and "cannot be ordered on the basis of pure hypothesis[.]" Arthur v. Allen , 459 F.3d 1310, 1311 (11th Cir. 2006). If discovery is warranted, "Rule 6(a) [of the Habeas Rules] makes it clear that the scope and extent of such discovery is a *1212 matter confided to the discretion of the District Court." Bracy , 520 U.S. at 909, 117 S.Ct. 1793.
II. Elements of Petitioner's Claim
Before the Court can determine whether Petitioner is entitled to discovery, "we must first identify the essential elements of [his] claim." Id. at 904, 117 S.Ct. 1793. Petitioner contends his detention is unlawful because he has been detained longer than the presumptively reasonable period of six months following the entry of a final order of removal against him. Pet. 1, ECF No. 1. As prescribed by the U.S. Supreme Court, detention of an alien subject to an administratively final order of deportation/removal is authorized only for a period "reasonably necessary" to effectuate the removal. Zadvydas v. Davis , 533 U.S. 678, 699-700, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).
The Zadvydas Court determined it was "practically necessary ... for the sake of uniform administration in the federal courts" to establish a "presumptively reasonable period of detention." Id. at 701, 121 S.Ct. 2491. The Court, believing "that Congress previously doubted the constitutionality of detention for more than six months[,]" set six-months as the outer boundary of that presumptively reasonable period. Id. Detention lasting longer than six months loses the presumption. Id. ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). The relationship between the time of confinement and the "reasonably foreseeable future" is an inverse one. Id. ("[F]or detention to remain reasonable, as the period of prior post[-]removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink.").
The Eleventh Circuit interprets Zadvydas as requiring an alien to show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Gozo v. Napolitano , 309 F. App'x 344, 346 (11th Cir. 2009) ; see also Akinwale v. Ashcroft , 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under Zadvydas the alien ... must show post-removal detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). Petitioner must meet these requirements in order to obtain the relief he seeks.
III. Good Cause
The fundamental issue in this case is the likelihood that Petitioner will be removed from the United States in the "reasonably foreseeable future" as defined in Zadvydas. Respondents contend that "there is a significant likelihood of [Petitioner's] removal in the foreseeable future" and "Petitioner's detention is thus legally justified." Resp. to Pet. 3, ECF No. 7. They state that Petitioner is a native and citizen of Cambodia, and that U.S. Customs and Immigration Enforcement "submitted a request for travel documents to Cambodia for Petitioner in January 2019." Id. at 1, 5. Respondents have also asserted that Petitioner was to attend a "citizenship interview" with the Cambodian government on March 25, 2019. Id. at 5. They argue these actions render Petitioner's claim to be "without merit." Id.
*1213 Petitioner has shown good cause for discovery by making specific allegations that are both capable of further factual development and fundamental to the merits of his claim for relief. In his motion seeking discovery, he insists he "needs access to information clarifying a factual question created by existing information in the case." Pet'r's Mot. for Discovery 5. He also states that, while "the Cambodian Government has corresponded with the United States while Petitioner has been detained[,] Petitioner has never been interviewed or otherwise met with Cambodian Government officials." Id. Petitioner also claims that his assigned Deportation Officer informed him that the Cambodian government has previously "claimed that Petitioner was not Cambodian but Vietnamese." Id. at 10. Notably, Petitioner's assertion that he has not been interviewed by Cambodian officials was made after the March 25, 2019, date Respondents claimed he would be doing so, and has not been contradicted. See Id. at 12. Respondents also do not explicitly contradict Petitioner's claim that he was told the Cambodian government does not recognize him as one of their citizens. See Resp. to Mot. for Discovery 3.
Respondents' assertions that Petitioner seeks to go on a "fishing expedition" and is making claims based on "mere speculation[,]" are insufficient. Id. Respondents essentially ask the Court to deny Petitioner discovery because he has failed to obtain material which would be in their possession if it exists, and thus only available to Petitioner through discovery. Further, their contention that "Petitioner's proposed discovery requests would trigger an obligation for Respondents to search, review, and produce countless hard copy and electronic documents and files," is not a substantive argument. Id.
CONCLUSION
Because Petitioner has shown good cause exists to authorize limited discovery, his motion seeking the authorization of discovery (ECF No. 9 ) is granted in part and denied in part. The parties are to confer and submit a joint discovery plan within fourteen (14) days. If the parties are unable to agree on such a plan, they are to notify the Court and provide three agreeable dates for a hearing or telephone conference.
SO ORDERED, this 5th day of April, 2019.

The Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") are applicable to petitions brought under 28 U.S.C. § 2241. Annamalai v. Warden , No. 18-10548, 760 Fed.Appx. 843, 849-50, 2019 WL 245813, at *5 (11th Cir. Jan. 17, 2019) ; Habeas R. 1(b).